Earl WALLACE, Commissioner of the Dept. of Fish & Wildlife Resources, et al., Appellants,

v.

The CITY OF WILLIAMSTOWN, a Municipal Corp., et al., etc., Appellees.

Court of Appeals of Kentucky.

June 22, 1962.

Raymond R. Vincent, John J. Blackburn, Williamstown, Stoll, Keenon & Park, Lexington, for appellants.

L. M. Ackman, Williamstown, for appellees.

BIRD, Judge.

The Kentucky Department of Fish and Wildlife Resources Commission adopted the following regulation to apply solely to a lake owned by the City of Williamstown:

"No person shall use or operate a motor boat which has a motor or engine having a power in excess of six horsepower on the lake located in Grant County, Kentucky, known as the new Williamstown Lake or supplemental Reservoir and which contains approximately 305 acres of water more or less."

This action was brought to test the validity of the regulation. The trial court held that the Commission had no authority either by general law or contract with the city to so regulate. The Commission has appealed.

Whatever authority the Commission has under the applicable Kentucky Statutes to regulate the use of the impounded water in question has been exercised by means of a contract entered into with the City of Williamstown. We must determine only the effects of that contract, and the statutes are no longer germane to the issue in this case. The portion of the contract upon which the Commission relies reads as follows:

"1. That the Department shall have the right to stock Lake Williamstown with any desirable fish to the advantage of the fisherman and to regulate, in any lawful manner, the taking of fish from Lake Williamstown.

"2. That the Department shall have the right and authority to supervise and regulate in any manner necessary to increase or decrease the fish population in Lake Williamstown in compliance with the laws and regulations of the County or State Department of Health."

Item 2 does not grant general authority to make regulations even for the purpose of propagating or protecting fish. The authority therein granted pertains only to supervision as it may relate to compliance with laws and regulations embracing questions of health, none of which are involved in this action.

Furthermore, the contract provides as follows:

"5. That nothing in this contract shall impair or qualify any rights, privileges or authority which the City or its legally constituted lessees may already have with regard to the following:

"(a) Operating and maintaining boat docks and to charge fees for the use thereof."

It is our opinion that the operation of a boat dock, according to common usage of the words, includes the renting of boats together with engines of indiscriminate size, which could reasonably be more than six horsepower. Renting of dock space for privately owned boats is a common function in the operation of a boat dock and could well include boats with engines of more than six horsepower.

It is readily apparent that the regulation of horsepower in engines could quite conceivably amount to the regulation of the dock operation itself and this the Commission has agreed not to do.

Our examination of the record reveals no prejudicial error and the judgment is therefore affirmed.

STEWART, C. J., dissents.